UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LISA HILL                                   CIVIL ACTION NO. 22-cv-1942

VERSUS                                      JUDGE ELIZABETH E. FOOTE

TELEPERFORMANCE USA, ET AL                  MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Lisa Hill ("Plaintiff"), who is self-represented, has filed eight civil actions in this court between April and June 2022. Most of them concern personal grievances against individuals or business, and some relate to dissatisfaction with local law enforcement and criminal court proceedings. Several have been found lacking in merit or a basis for federal jurisdiction. This complaint names as defendants Teleperformance USA (a call center), Jessica Flakes, and Deann L. Harris. For the reasons that follow, it is recommended that the complaint be dismissed and that sanctions be imposed.

### The Complaint

Plaintiff filed this action on a preprinted form complaint designed for the filing of civil rights claims. She invokes 42 U.S.C. § 1983 and HIPAA. Plaintiff alleges that Deann Harris has a cousin, Jessica Flakes, who worked at Shreveport Teleperformance. Plaintiff suggests that Flakes used her position at the call center to gain access to Plaintiff's social security number and share it with Harris, who then texted the number to Plaintiff (presumably as a form of intimidation or harassment).

The complaint form asked for the date of the events giving rise to the claim. Plaintiff wrote August 2, 2019. A police report attached to the complaint carries the same date and describes a quarrel between Plaintiff and Deann Harris that involved a boyfriend dispute, a macing incident, and prior reports by Lisa against Deann for stalking and for possessing her social security number. The report states that the officer was originally dispatched in reference to a "known subject" pointing a weapon at Deann Harris. The officer wrote that Plaintiff denied owning a gun or pointing one at Harris on that date.

**Timeliness**

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). "Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." James v. Richardson, 344 Fed. Appx. 982, 983 (5th Cir. 2009). District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff filed her complaint on a form for asserting civil rights claims, and she specifically invoked 42 U.S.C. § 1983. The limitations period for a Section 1983 claim asserted in Louisiana in one year. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Plaintiff's complaint specifically alleges that the date of the incident was August 2, 2019.

Plaintiff did not file this complaint until June 2022, which was more than one year after the event.

Plaintiff's Section 1983 claims are untimely on the face of the complaint so should be dismissed. This recommended dismissal affords Plaintiff fair notice and an opportunity to present her position because she will have an opportunity after this report and recommendation issues to file objections and attempt to explain why her complaint should not be dismissed as untimely. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**No State Actor**

In addition to being untimely, any Section 1983 lacks merit. Section 1983 provides a cause of action for a constitutional violation committed by a person acting under color of state law. West v. Atkins, 108 S.Ct. 2250 (1988). The complaint suggests that each defendant is a private individual or company, not a state or local government official, so no Section 1983 claim could lie against any of them. "Private individuals generally are not considered to act under color of law" for purposes of Section 1983. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005). And private parties do not become state actors merely by calling upon law enforcement for assistance. Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor."); Heshey v. City of Bossier City, 2021 WL 5366900, *3 (W.D. La. 2021).

**HIPAA**

Plaintiff's complaint lists HIPAA as grounds for a claim, but the complaint does not explain the factual or legal basis for such a claim. Plaintiff perhaps believes that the allegation that a call center employee accessed her social security number states such a claim. HIPAA generally provides for confidentiality of medical records, but there is no mention of medical records in the complaint. In any event, the Fifth Circuit has held that HIPAA does not create a private right of action. Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006). There is, therefore, no basis for a claim by Plaintiff under HIPAA. The Act limits enforcement of the statute to the Secretary of Health and Human Services.

**Conclusion; Sanctions**

The complaint does not set forth a timely or actionable claim against any defendant that states a claim on which relief may be granted, so the complaint should be dismissed Plaintiff has now filed multiple meritless lawsuits. Each of her complaints require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).

In 22-cv-1697, the undersigned set forth those rules and issued this warning:

> Plaintiff is warned that she will be subject to potential sanctions if she continues to file frivolous or malicious suits or motions in this court. Those sanctions may include a requirement that Plaintiff obtain judicial pre-

approval for any filings, the denial of pauper status, the imposition of monetary sanctions, or an order for other appropriate sanctions.

A part of the court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

Plaintiff has been given repeated opportunities to file a meritorious complaint, she has failed on every occasion, and she has been warned that continuing to file frivolous complaints could lead to sanctions. It is now time to impose those sanctions and end Plaintiff's abuse of the litigation process. The circumstances warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if she ever has a good faith complaint. A similar recommendation has been made in Hill v. City of Shreveport, 22 CV 1941, assigned to Judge Doughty. Plaintiff filed that meritless complaint on the same day she filed this one.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

It is further recommended that the Clerk of Court be ordered to decline to file any civil complaint submitted by Lisa Hill unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2022.

Mark L. Hornsby
U.S. Magistrate Judge